IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-03090-REB-BNB

GARY BRANSON,

                              Plaintiff,

v.

COMMERCE CITY POLICE OFFICER ROBERT PRICE, in his official and individual capacity,
COMMERCE CITY COMMUNITY SERVICES OFFICER ARICA BORES, in her official and individual capacity,
COMMERCE CITY POLICE OFFICER CHRISTOPHER CASTILLO, in his official and individual capacity, and
CITY OF COMMERCE CITY, COLORADO,

                              Defendants.

---

## ~~STIPULATION AND~~ PROTECTIVE ORDER

---

Each Party and each Counsel of Record stipulate and move the Court for entry of this Stipulation and Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information and/or identifiable health information ("Protected Health Information") (as hereinafter defined), and, therefore, the Court ORDERS, as follows:

      1.      The nature of the claims, defenses and damages asserted in this lawsuit involves disclosure and discovery of documents and information containing Confidential Information (as defined in paragraph 4 below) and/or Protected Health Information (as defined in paragraph 6 below).

2. The purpose of this Protective Order is to preclude disclosure of Confidential Information and/or Protected Health Information to any person or entity not subject to this litigation as defined in this Protective Order. The disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' privacy interests, or affect the privacy interests of patients identified in protected health records in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

3. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information and/or Protected Health Information except as set forth herein, and prohibiting the Parties from using or disclosing the Confidential Information and/or Protected Health Information for any purpose other than this litigation.

4. "Confidential Information" means any document, file, portions of files, deposition or transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, which contains information that is confidential and implicates common law and statutory privacy interests of the Parties. *See, e.g.*; COLO. REV. STAT. § 13-90-107(1)(d) (physician-patient privilege); *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005); *Weil v. Dillon Co., Inc.,* 109 P.3d 127 (Colo. 2005); COLO. REV. STAT. § 24-72-204(3)(a)(II)(A) (concerning disclosure of personnel records); *Everitt v. Brezzel*, 750 F. Supp. 1063 (D. Colo. 1990); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980).

5. Information designated as confidential must first be reviewed by the attorney for the designating Party, who must have a good faith belief that the information is confidential or

otherwise entitled to protection under Fed. R. Civ. P. 26(c). *See Gillard v. Boulder Valley Sch. Dist.,* 196 F.R.D. 382, 386 (D. Colo. 2000).

6. ~~"Protected Health Information" (hereinafter "PHI") means, a patient's name, address, birth date, admission date, discharge date, date of death, telephone number, fax number, e-mail address, social security number, medical records number, insurance plan information, account number, certificate/license number, vehicle identifier and license number, device identifier and serial number, URL, IP address number, biometric identifier including voice and finger prints, photographs, and any other unique identifying number, characteristic or code.~~

7. When Confidential Information and/or PHI is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner by:

   a. imprinting the word "Confidential" on the first page or cover of any document produced;

   b. imprinting the word "Confidential" next to or above any response to a discovery request;

   c. with respect to transcribed testimony, by either designating deposition testimony as "Confidential" or containing "Confidential Information" on the record at the time of the deposition or hearing that the testimony is "Confidential" and subject to the protective order, or by designating portions of depositions or testimony as "Confidential" after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript; and

      d.    with respect to electronically stored information, by labeling each document or file produced as "Confidential" as a component of their bates number designations.

8. ~~All designations of Confidential Information and/or PHI must be made at least forty (40) days before the dispositive motion deadline, and all confidentiality issues must be raised with the Court if not resolved between the parties no later than thirty (30) days before the dispositive motion deadline.~~

9. All Confidential Information and/or PHI provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a.    it shall be used only for the purposes of this litigation and not for any other purpose;

    b.    it shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, except for purposes of this litigation, to anyone other than those specified in this subparagraph:

        (i)    attorneys actively working on this case;

        (ii)    persons regularly employed or associated with the attorneys actively working on this case, whose assistance is required by said attorneys for the purpose of this litigation;

        (iii)    the Parties and designated representatives of the Parties;

        (iv)    expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is necessary for the purposes of this litigation, who execute the attached Exhibit A;

        (v)    the Court and its employees;

    (vi)  stenographic reporters who are engaged in this litigation;

    (vii)  deponents and witnesses who execute the attached Exhibit A;

    (viii)  members of a jury or other finder(s) of fact; and

    (ix)  other persons by agreement of the parties who execute the attached Exhibit A.

10.  The Party's counsel who discloses Confidential Information and/or PHI shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information and/or PHI is disclosed and shall retain the original affidavits signed by qualified recipients of Confidential Information and/or PHI and maintain a list of all persons to whom any Confidential Information and/or PHI is disclosed.

11.  During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 10 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and/or PHI and that opposing counsel are unable to otherwise identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under the terms and conditions deemed appropriate by the Court.

12.  No copies of Confidential Information and/or PHI shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case.  Any such copies shall be made and used solely for purposes of this litigation, and subject to all restrictions herein.

13.  During the pendency of this litigation, counsel shall retain custody of Confidential Information and/or PHI, and copies made there from pursuant to paragraph 12 above.

14. A Party may object to the designation of particular Confidential Information and/or PHI by giving written notice to the Party designating the disputed information within the time period set forth in paragraph 8. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as confidential shall bear the burden of establishing the grounds for the disputed information to be treated as confidential.

15. **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~In the event it is necessary for the Parties to file Confidential Information and/or PHI with the Court in connection with any proceeding or motion, the Confidential Information and/or PHI shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2. In addition, any pleadings or briefs quoting or discussing any information designated as "Confidential" will not be accepted for filing as a restricted document or otherwise kept out of the public record in this action, except pursuant to Court Order issued upon motion of the party seeking to file such information as a restricted document.~~

16. The termination of this action shall not relieve counsel or any Party or other

persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information and/or PHI pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, until termination of this case.

17. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information and/or PHI will be reserved for and addressed at trial. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

18. Within thirty (30) days following the complete conclusion of this matter, including any appeals, each Party's counsel shall return to the producing party all Confidential Information and/or PHI provided subject to this Protective Order or dispose of it in a confidential manner.

19. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information and/or PHI shall be treated at trial.

20. In the event information or documentation is inadvertently disclosed to an opposing Party, any information or documentation so disclosed shall be immediately returned to the producing Party without any copies being made or notes taken regarding said information/documentation by those who have received the inadvertent disclosure. Further, no recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and

that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

21. Nothing in this Protective Order shall relieve any party of its obligation under Fed. R. Civ. P. 26(b)(5) to prepare and provide a privilege log.

22. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity to be heard.

Dated November 17, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| **THE ANIMAL LAW CENTER, L.L.C.** | **SENTER GOLDFARB & RICE, L.L.C.** |

s/ Jennifer Reba Edwards
*Jennifer Reba Edwards*
4465 Kipling Street, Suite 108
Wheat Ridge, Colorado 80033
Telephone: (303) 322-4355
Email: jre@theanimallawcenter.com
*Attorney for Plaintiff*

s/ Gillian M. Fahlsing
*Gillian M. Fahlsing*
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone: (303) 320-0509
Facsimile: (303) 320-0210
Email: gfahlsing@sgrllc.com
*Attorney for Defendants*

**KILLMER, LANE & NEWMAN, L.L.P.**

s/ David A. Lane
*David A. Lane*
*Nicole B. Godfrey*
1543 Champa Street, Suite 400
Denver, Colorado 80202
Telephone: (303) 571-1000
Facsimile: (303) 571-1001
Emails: dlane@kln-law.com
ngodfrey@kln-law.com
*Attorneys for Plaintiff*

## AFFIDAVIT

STATE OF COLORADO )
                                 ) ss.
COUNTY OF                )

_____, swears or affirms and states under penalty of perjury:

        1.       I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

        2.       I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

        3.       I promise that I have not and will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

        4.       For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

        5.       I will abide by the terms of the Protective Order.

                                              _____
                                              (Signature)

                                              _____
                                              (Print or Type Name)

                                              Address:

                                              _____

                                              _____

                                              Telephone No.: (\_\_\_\_\_) _____

***SUBSCRIBED AND SWORN*** to before me this _____ day of _____, 2014, by_____.

WITNESS my hand and official seal.

_____
Notary Public

My commission expires:_____

[SEAL]

3090.wpd