**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:13-cv-03090-REB-BNB

GARY BRANSON,

    Plaintiff,

v.

COMMERCE CITY POLICE OFFICER ROBERT PRICE, in his official and individual capacity,
COMMERCE CITY COMMUNITY SERVICES OFFICER ARICA BORES, in her official and individual capacity,
COMMERCE CITY POLICE OFFICER CHRISTOPHER CASTILLO, in his official and individual capacity, and
CITY OF COMMERCE CITY, COLORADO,

    Defendants.

## ORDER GRANTING MOTION TO CONTINUE TRIAL

**Blackburn, J.**

    This matter is before me on the **Plaintiff's Unopposed Motion To Vacate and Reset The Trial Date** [#70][1] filed November 19, 2014. I grant the motion.

    This case is set for trial beginning April 6, 2015. On the same date, the court is set to begin trial in a criminal case, United States of America v. Rivera, 10-cr-00164-REB. Given these conflicting settings, the court is not able to conduct trial in the above-captioned case beginning on April 6, 2015.

    The United States Court of Appeals for the Tenth Circuit has outlined four

---

[1] "[#70]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

primary factors that should be considered to determine if a continuance is necessary.

*See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1230 (10th Cir. 1999) (citing *U.S. v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)). The key relevant factors are

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance.

*United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)). Given the circumstances noted above, these factors augur toward a continuance of the trial.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's <u>Unopposed</u> Motion To Vacate and Reset The Trial Date** [#70] filed November 19, 2014, is **GRANTED**;

2. That the combined Final Pretrial Conference and Trial Preparation Conference set for March 20, 2015, and the trial set to commence April 6, 2015, are **VACATED** and **CONTINUED** pending further order;

3. That counsel **SHALL CONTACT** the court's administrative assistant **at (303) 335-2350** on **March 9, 2015, at 9:00 a.m.** (MDT), to reschedule the combined Final Pretrial Conference and Trial Preparation Conference and the trial; and

4.  That the **Trial Preparation Conference Order** [#36] entered May 16, 2014, is **AMENDED** and **SUPPLEMENTED** accordingly.

Dated March 2, 2015, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge